UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KEVIN LINDKE,
    *Plaintiff - Appellant,*

Case No.: 21-02977

v.

MOTION

JAMES FREED,
    *Defendant – Appellee*
_____/

### MOTION TO VACATE PRIOR OPINIONS AND REMAND TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS IN LIGHT OF THE SUPREME COURT'S DECISION

NOW COMES Appellant KEVIN LINDKE, by counsel, and requests this Court to vacate the previously-filed opinions/judgments of the District Court (dated September 27, 2021) and those of this Court (dated June 27, 2022) to the extent this Supreme Court did not already do so, and remand to the District Court for further proceedings in light of the U.S. Supreme Court's decision in this case.

### BACKGROUND

In 2014, Defendant James Freed was appointed city manager for Port Huron, Michigan. With him came social media. When the COVID-19 pandemic hit in spring 2020, Freed opened this new channel of communication and began regularly posting where he made various

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

1

posting, including things like policies he initiated for the City of Port Huron and news articles on public-health measures and statistics. Several are believed to be the only place the announcement the City's actions or issued policy was publicly disseminated.

Freed's posts caught the attention of several concerned citizens, including Kevin Lindke, who responded with criticism in the comments section. Freed didn't appreciate the critical but respectful comments, so he simply deleted them. He eventually blocked Lindke from accessing the social media page altogether, which kept Lindke from accessing or commenting on Freed's page and its posts.

Thereafter, Lindke sued Freed in federal court under 42 U.S.C § 1983. Freed was accused of violating Lindke's his First Amendment rights by 1.) deleting comments and 2.) blocking Lindke from the page. The District Court (Goldsmith, J.) granted summary judgment to Freed based upon a self-created fourteen-factor balancing test. *Lindke v. Freed*, 563 F. Supp. 3d 704, 710-711 (E.D. Mich. 2021). It was not based on any authority from this Circuit. On appeal, this Court affirmed on other grounds when adopting its "duty-or-authority" test. *Lindke v. Freed*, 37 F.4th 1199 (6th Cir. 2022). Lindke appealed to the Supreme Court, who

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

granted the requested writ of certiorari. *Lindke v. Freed*, 143 S. Ct. 1780 (2023). On March 15, 2024, the U.S. Supreme Court "vacate[d]" this Court's "judgment and remand the case for further proceedings consistent with this opinion." *Lindke v. Freed*, 601 U.S. __ (2024).

### *SCOTUS Decision*

As part of the *Lindke* decision, the Supreme Court explained "a public official who fails to keep personal posts in a clearly designated personal account" now "exposes himself to greater potential liability" given the test adopted. The basic rule has not changed—to prevail on a Section 1983 claim, a plaintiff generally must demonstrate that the defendant's conduct constituted state action. In a unanimous opinion authored by Justice Barrett, the Supreme Court provided the two-step test for mixed social media accounts like Freed's, holding that that a public official's social media conduct qualifies as state action under § 1983 if the official—1.) possessed actual authority to speak on the State's behalf on the particular matter at issue, and 2.) purported to exercise that authority when speaking in the relevant social media posts. The test is different than those applied by this Circuit or the District Court in this case.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Under the first prong, *Lindke* reaffirmed the "bedrock requirement that 'the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" Thusly, City Manager Freed must have "actual authority rooted in [1.] written law *or* [2.] longstanding custom to speak for the State" on the matter at hand for state action to exist.

Via the second prong, even if the official possessed authority to speak on a particular matter, the person's use of social media will only be deemed a state action if the official "purported to exercise that authority when speaking in the relevant social-media posts." The *Lindke* decision provided that we are to look for key clues—

- Is the page designated as personal — if so, there would be a strong (but not irrebuttable) presumption of no state action?

- Does the post expressly invoke state authority?

- Simply "liking" or re-tweeting official policy is less likely to be seen as an official act.

- Using "government staff to make a post" will very likely be deemed an official act.

In a "mixed use" account like the kind Freed undertook here, *Lindke* instructs federal courts to examine the "content and function" of each post to determine whether the official was purporting to exercise state authority in that individual post. This post-by-post specific inquiry is

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

designed to ensure that officials retain the ability to speak in a private capacity even on "mixed use" accounts.

However, *Lindke* went one step further. This cases charges Freed with both comment deletion *and* account blocking. For comment deletion claims, "the only relevant posts are those from which [the plaintiff's] comments were removed." But because certain social media blocking functions operate across the entire account, "a court would have to consider whether Freed had engaged in state action with respect to any post on which Lindke wished to comment." The inherent teaching is that a citizen cannot be blocked if there is even one official post within a mixed use account, and thusly confirming the cautionary missive the Court unanimously foreshadowed — officials who commingle personal and official posts without clear designations have "greater potential liability" since the First Amendment implicates both types of speech-related activities.

## ARGUMENT

Remand to the District Court is warranted and required. As previously and repeatedly explained, "it is inappropriate for this Court to act as a court of first impression." *Bovee v. Coopers & Lybrand CPA*, 272

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

F.3d 356, 365 (6th Cir. 2001). The Sixth Circuit is "not generally a court of first review." *Kitts v. United States*, 812 Fed. App'x 336, 341 (6th Cir. 2020). This is especially true when consideration of the merits of Plaintiff's case have never been adjudicated under the correct legal yardstick. *Bovee*, 272 F.3d at 365. With the issued nationwide test announced by *Lindke* that differs from the test this Court and the District Court previously employed, the claims effectively have never before been analyzed by the trial court. This Court "may not reach out to decide entirely new claims not presented to a trial court." *United States v. Martin*, 367 Fed. App'x 584, 585 (6th Cir. 2010) (Merritt, J., concurring). Its job to "correct errors *of law*." Issues of facts are properly fleshed out by the federal district (trial) courts as a matter of first instance. See, e.g., *Greenhouse Holdings, LLC v. Int'l Union*, 43 F.4th 628, 633 (6th Cir. 2022) ("evidence should be weighed by the district court in the first instance"). And the *Lindke* Court was clear — "the ambiguity surrounding Freed's page requires a *fact-specific* undertaking in which posts' content and function are the most important considerations."

When a case returns from the Supreme Court where an appellate decision is reversed or vacated, the appropriate first step is to order the

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

previously-filed opinion be vacated. See *Tyler v. State of Minnesota*, Case No. 20-3730, unpublished order (8th Cir. June 28, 2023) (**Exhibit A**, vacating Eighth Circuit opinion after the judgment was reversed in *Tyler v. Hennepin Cnty., Minn.*, 143 S. Ct. 1369 (2023)). And when the Supreme Court decision establishing a different principle of law that would equally invalidate the District Court's decision, the appropriate path forward would be a simple order reversing the trial-level erroneous decision and remand for further proceedings should issue. *Tyler v. State of Minnesota*, Case No. 20-3730, unpublished judgment (8th Cir. June 28, 2023) (**Exhibit B**). Given such, this Court is requested to follow the same path as undertaken by the Eighth Circuit in *Tyler*.

Movant asks for this Court's indulgence on the appropriate timing of the filing of this motion. Rule 45.3 of *Rules of the Supreme Court of the United States* provides that in this case, being one on review from this federal court, "a formal mandate *does not issue* unless specially directed." (emphasis added). "[I]nstead, the Clerk of th[e Supreme] Court will send the clerk of the lower court a copy of the opinion or order of th[e Supreme] Court and a certified copy of the judgment… 32 days after entry of the judgment." *Id.* It is unclear if Rule 45.3's certified copy directive is a

7

jurisdictional given the lack of mandate process. If this motion is premature[1] in this Court, it is respectfully requested the Court take up at the appropriate time (likely being after issuance of the judgment) but before any further briefing or action is otherwise proposed to be taken by this Court on this case.

## RELIEF REQUESTED

WHEREFORE, Appellant Kevin Lindke, by counsel, requests this Court to vacate the previously-filed opinions/judgments of the District Court (dated September 27, 2021) and those of this Court (dated June 27, 2022) to the extent this Supreme Court did not already do so, and remand for further proceedings in light of the Supreme Court's *Lindke* test.

Date: April 15, 2024       s/ Philip L. Ellison
                                                 PHILIP L. ELLISON
                                                 OUTSIDE LEGAL COUNSEL PLC
                                                 PO Box 107
                                                 Hemlock, MI 48626
                                                 (989) 642-0055
                                                 pellison@olcplc.com

                                                 Attorney for Appellant Lindke

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

[1] However, Rule 43.1 of *Rules of the Supreme Court of the United States provides* that "[a]ny petition for the rehearing of any judgment or decision of the Court on the merits shall be filed within 25 days after entry of the judgment or decision, unless the Court or a Justice shortens or extends the time." That time frame has passed.

## CERTIFICATE OF SERVICE

I hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of and a copy of such filing to counsel of record at their email address(es) of record.

Date: April 15, 2024                    s/ Philip L. Ellison
                                                           PHILIP L. ELLISON
                                                           OUTSIDE LEGAL COUNSEL PLC
                                                           PO Box 107
                                                           Hemlock, MI 48626
                                                           (989) 642-0055
                                                           pellison@olcplc.com

                                                           Attorney for Appellant Lindke

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT



No: 20-3730

Geraldine Tyler, on behalf of herself and all others similarly situated

Appellant

v.

State of Minnesota and Cynthia L. Bauerly, in her capacity as Commissioner, Minnesota Department of Revenue

Hennepin County and Mark Vincent Chapin, Auditor-Treasurer, in his official capacity

Appellees

------------------------------

AARP, et al.

Amici on Behalf of Appellant(s)

International Municipal Lawyers Association and Association of Minnesota Counties

Amici on Behalf of Appellee(s)

_____

Appeal from U.S. District Court for the District of Minnesota
(0:20-cv-00889-PJS)
_____

**ORDER**

The Court's opinion filed on February 16, 2022 is hereby vacated.

June 28, 2023

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
     /s/ Michael E. Gans



# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No: 20-3730
_____

Geraldine Tyler, on behalf of herself and all others similarly situated

Plaintiff - Appellant

v.

State of Minnesota; Cynthia L. Bauerly, in her capacity as Commissioner, Minnesota Department of Revenue

Defendants

Hennepin County; Mark Vincent Chapin, Auditor-Treasurer, in his official capacity

Defendants - Appellees

------------------------------

AARP; AARP Foundation; Donald Freed

Amici on Behalf of Appellant(s)

International Municipal Lawyers Association; Association of Minnesota Counties

Amici on Behalf of Appellee(s)

------------------------------

Appeal from U.S. District Court for the District of Minnesota
(0:20-cv-00889-PJS)

**JUDGMENT**

Before COLLOTON, SHEPHERD and KELLY, Circuit Judges.

In light of *Tyler v. Hennepin County*, 143 S. Ct. 1369 (2023), the judgment of the district court dismissing the complaint is reversed, and the case is remanded for further proceedings.

June 28, 2023

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
      /s/ Michael E. Gans