No. 21-2977

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

KEVIN LINDKE

Plaintiff – Appellant

v.

JAMES R. FREED, in his official and personal capacities

Defendant - Appellee

_____

ON REMAND FROM THE UNITED STATES SUPREME COURT
_____

APPELLEE'S RESPONSE TO APPELLANT'S
MOTION TO VACATE PRIOR OPINIONS AND REMAND TO THE
DISTRICT COURT FOR FURTHER PROCEEDINGS IN LIGHT OF THE
SUPREME COURT'S DECISION
_____

PHILIP L. ELLISON (P74117)
Outside Legal Counsel PLC
Attorney for Plaintiff-Appellant
P.O. Box 107
Hemlock, Michigan 48626
(989) 642-0055
pellison@olcplc.com

TODD J SHOUDY (P41895)
VICTORIA R. FERRES (P78788)
Fletcher Fealko Shoudy & Francis,PC
Attorneys for Defendant – Appellee
1411 Third Street Suite F
Port Huron, Michigan 48060
(810) 987-8444
tshoudy@fletcherfealko.com

# DEFENDANT/APPELLEE'S RESPONSE TO PLAINTIFF/APPELLANT'S MOTION TO VACATE PRIOR OPINIONS AND REMAND TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS IN LIGHT OF THE SUPREME COURT'S DECISION

NOW COMES Defendant/Appellee James Freed, by and through his attorneys Fletcher, Fealko, Shoudy & Francis, P.C., and files his response to Plaintiff Kevin Lindke's Motion to Vacate Prior Opinions and Remand to the District Court for Further Proceedings in Light of the Supreme Court's Decision, which is impermissible under 6 Cir. R. 45(d).  Defendant/Appellee respectfully requests this Court deny the Motion in its entirety.

## I.     BACKGROUND

Plaintiff/Appellant, Kevin Lindke, filed the present lawsuit against James R. Freed claiming a violation of his First Amendment rights when Mr. Freed blocked Plaintiff and deleted his comments from Mr. Freed's personal Facebook account. (Complaint, R. 1, Page ID # 1-16).  The premise of the lawsuit is that the Facebook account is an official City of Port Huron Facebook page because James Freed is the City Manager of the City of Port Huron.

On February 17, 2021, Defendant filed a Motion for Summary Judgment, making numerous arguments including that the First Amendment was inapplicable because there is no state action since the Facebook page, which was created years prior to Mr. Freed assuming the role of City Manager was his private account. (Mot. for Summ. J., R. 23, Page ID # 623-659).

1

On September 27, 2021, the Trial Court granted Defendant summary judgment and dismissed Plaintiff's claims, holding that "Freed administered his Facebook page in a private, not public, capacity. And he was not engaged in state action when he deleted Lindke's comments and blocked Lindke from the page." (R. 34, Page ID # 1523-1538).

This Court affirmed the District Court's decision. (Doc No. 25-2). The Court agreed that Freed did not act under color of state law when he deleted Lindke's comments and blocked Lindke. (Id.). This Court adopted the following state-official test: "just like anything else a public official does, social-media activity may be state action when it (1) is part of the officeholder's 'actual or apparent dut[ies],' or (2) couldn't happen in the same way 'without the authority of [the] office.'" (Id.).

Applying this analysis to Mr. Freed's "page . . . as a whole, not each individual post." this Court found that there was no law or ordinance requiring Mr. Freed to operate his page, that operating a Facebook page was not one of the actual or apparent duties of his position, and that no government funds or resources were used to operate the Page. (Id.). Moreover, the page, which Freed had solely operated since college and logged into with his private email address, would not become property of the City should Mr. Freed decide to leave for other employment. (Id.).

2

This Court rejected Plaintiff's argument that Mr. Freed was fulfilling his job duties by communicating with local businesses and residents, as "[w]hen Freed visits the hardware store, chats with neighbors, or attends church services, he isn't engaged in state action merely because he's 'communicating'—even if he's talking about his job." (Id.). This Court also rejected Plaintiff's argument that government employees must have been involved in the operation of the page because photos of Freed were on the page, explaining that even if City employees had taken the photos (of which there was no evidence), "such minimal involvement" "isn't enough to transform a personal page into an official one." (Id.).

The United States Supreme Court granted certiorari on April 24, 2023. (Doc. 36). The Court heard oral argument on October 31, 2023, and issued a decision on March 15, 2024. (Doc No. 38-2). The Supreme Court unanimously held that Plaintiff must show that Mr. Freed "(1) had actual authority to speak on behalf of the State on a particular matter, **and** (2) purported to exercise that authority in the relevant posts. (Id. at 15 (emphasis added)). The final line of the Supreme Court's Opinion states, "To the extent that this test differs from the one applied by the Sixth Circuit, we vacate its judgment and remand the case for further proceedings consistent with this opinion." (Id.). A copy of the judgment was filed with the Sixth Circuit on April 16, 2024. (Doc No. 40).

3

## II. ARGUMENT

The filing of this Motion was unnecessary. This Court's rules provide:

**6 Cir. R. 45        Duties of Clerks – Procedural Orders**
. . . .
(d)    **Remand from the Supreme Court.** The clerk refers remands from the Supreme Court of the United States to the panel that decided the case. *Counsel need not file a motion concerning the remand - it is referred when the clerk receives a certified copy of the judgment.* The clerk's office will advise counsel of further proceedings. (emphasis added).

The Court received a copy of the judgment on April 16, 2024. Contrary to the clearly stated rule, Plaintiff filed the instant Motion on April 15, 2024—the day before the judgment was filed with the clerk.

In any event, remand to the District Court is unnecessary. In this Court's initial Opinion, the Court held that the state action inquiry is a question of law for the Court (Doc. 25-2 at 3 n.1), and the Supreme Court did not change that analysis. "'[Q]uestions of law' includes the application of a legal standard to undisputed or established facts," which Courts of Appeal have jurisdiction to review. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1072 (2020) (addressing statutory phrase "questions of law"); *Chavez-Centeno v. Garland*, No. 23-3408, 2024 U.S. App. LEXIS 731, at *4-5 (6th Cir. Jan. 10, 2024). Questions of law do not require remand. *See Ohio Civil Service Employees Asso. v. Seiter*, 858 F.2d 1171, 1178 (6th Cir. 1988) ("As this is a pure question of law, we need not remand this question to the district court."); *Blake v. Wright*, 179 F.3d 1003, 1014 ("Because

4

qualified immunity presents a question of law, we need not remand to the district court on that issue."); *United States v. Thomas*, 272 F. App'x 479, 487 (6th Cir. 2008) (citing *United States v. Seymour*, 38 F.3d 261, 264 (6th Cir. 1994)) (Court of Appeals need not remand when they "may answer such a question of law ourselves").

Plaintiff argues that the case should be remanded to the District Court because the "merits of Plaintiff's case have never been adjudicated under the correct legal standard," citing to *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 365 (2001). However, in *Bovee*, the district court never reviewed the plaintiff's amended complaint before ruling on the defendants' motion to dismiss and subsequently denied a Fed. R. Civ. P. 60(b) motion to vacate the judgment. This Court reversed, holding that "as a matter of equity, since the merits of Plaintiffs' claim have never been considered because of the procedural confusion cited above, setting aside a judgment was the reasonable decision to have been made by the district court." *Id.*

*Bovee* is inapposite. Though Defendant agrees with Plaintiff that the Court of Appeals "may not reach out to decide entirely new claims not presented to a trial court," *United States v. Martin*, 367 Fed. App'x 584, 585 (6th Cir. 2010) (Merritt, J., concurring), this is not a case where any questions are being raised for the first time on appeal. *See Ray v. Maclaren*, 655 Fed. App'x 301, 310-11 (6th Cir. 2016).

5

The same undisputed facts of this case have been applied to the law several times over the last four years, and there has been no such "procedural confusion" like in *Bovee*. The only dispute is the application of the Supreme Court's test to the undisputed facts.

In the same way that this Court did not remand this case to the District Court initially after adopting a test for state officials than that used by the District Court, this Court also does not need to remand the question of law here. *See e.g.*, *Daubert v. Merrell Dow Pharmaceuticals*, 43 F.3d 1311, 1313 (9th Cir. 1995) (allowing supplemental briefing and oral argument on remand from the United States Supreme Court without remand to district court). Moreover, as a practical matter, if summary judgment is denied in the District Court, the state action inquiry will ultimately come to this Court for a de novo review, potentially in an interlocutory appeal. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) (in an interlocutory appeal, "[h]aving jurisdiction over the qualified immunity issue also entitles us to review whether Neuens put forth a prima facie § 1983 claim. . . . Because there is no indication in the record that Defendant-Appellant was acting under color of law at the time of the incident, we also conclude that the district court erred in denying Officer Bridges' summary judgment motion."). A remand to the District Court is, therefore, merely academic in nature. This Court should

not take such an unnecessary step, especially in a case that has been litigated for four years with potential attorneys' fees under 42 U.S.C. § 1988(b).

### III. <u>CONCLUSION</u>

Based on the foregoing arguments and authorities, Defendant-Appellee James R. Freed requests that the Court affirm the dismissal of this case pursuant to Fed. R. Civ. P. 56.

|  |  |
|---|---|
|  | FLETCHER FEALKO SHOUDY & FRANCIS, P.C. Attorneys for Defendant/Appellee |
|  | By: /s/ Todd J. Shoudy Fletcher Fealko Shoudy & Francis, P.C. 1411 Third Street, Suite F Port Huron, Michigan 48060 Michigan Bar #41895 |
| DATED: April 26, 2024 | tshoudy@fletcherfealko.com |