NOT RECOMMENDED FOR PUBLICATION

Case No. 21-2977

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 30, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| KEVIN LINDKE, | ) |
|     Plaintiff-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| JAMES R. FREED, | ) |
|     Defendant-Appellee. | ) ORDER |

ON REMAND FROM THE UNITED STATES SUPREME COURT

On March 15, 2024, the Supreme Court issued its opinion in *Lindke v. Freed*. It held:

> The state-action doctrine requires Lindke to show that Freed (1) had actual authority to speak on behalf of the State on a particular matter, and (2) purported to exercise that authority in the relevant posts. To the extent that this test differs from the one applied by the Sixth Circuit, we vacate its judgment and remand the case for further proceedings consistent with this opinion. *Lindke v. Freed*, 601 U.S. 187, 204 (2024).

The parties are directed to file briefs addressing the following questions:

1. To what extent does the test articulated in this court's opinion on June 27, 2022, differ from the test articulated by the Supreme Court on March 15, 2024?

2. How does the application of the Supreme Court's test to this case affect the outcome that this court previously reached in this case, if at all?

3. In its opinion, the Supreme Court held that an official's social media post may be state action if (1) written law authorized the post, or (2) the post was made pursuant to a "persistent practice[]" that is "so permanent and well-settled that it carries force of law." *Id.* at 198–200.

    a. How may a plaintiff establish the latter showing in the social media context?

    b. In other places, the Court's opinion suggests that a post is state action any time the official made it pursuant to his job duties. *Id.* at 201. Which is the appropriate standard for this court to apply on remand: must there be an affirmative grant of power or a permanent practice empowering the official to make a post? Or does the post's connection to an official job duty suffice?

4. Which of Freed's posts, if any, purport to exercise government authority? Which posts, if any, were made pursuant to his official job duties?

5. Pending before this court is Lindke's motion to remand this case to the district court.

    a. Unlike the Sixth Circuit's opinion, the Supreme Court suggested that an account's "apparent" authority to speak on behalf of the government isn't enough to constitute state action. *Id.* at 198. If this court concludes that the Supreme Court's test is narrower than the test announced in this court's June 2022 opinion, is remand necessary?

    b. The Supreme Court's opinion indicates that, if a state has actually authorized an official to exercise government authority on social media, courts must engage in a fact-intensive, post-by-post analysis to determine which posts purportedly exercise that authority. *Id.* at 202–03. If this court concludes Freed had authority to post on behalf of the government, should the district court determine which posts exercised that authority in the first instance?

The appellant should file his brief no later than 5:00 p.m. EDT on Friday, May 17. The appellee should file his brief no later than 5:00 p.m. EDT on Friday, May 31. Appellant may file a reply brief by 5:00 p.m. EDT on Friday, June 14. Appellant and Appellee briefs should not exceed forty double-spaced pages each. Appellant's reply brief should not exceed twenty-five double-spaced pages. Additionally, parties should be prepared for oral arguments on the above issues in the month of July. Parties are directed to inform the clerk of any dates on which they are unavailable by May 17.

Case No. 21-2977, *Lindke v. Freed* - 3 -

The court also invites amici to files briefs in response to these questions. The clerk is directed to accept all such briefs without further action by the panel, provided that such briefs are under thirty pages.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*

Kelly L. Stephens, Clerk